#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.D., by and through his parents and legal guardians, ANDREZA LOPEZ DASILVA and JOSE DASILVA | : : : : | |
| Plaintiffs, | : : | |
| vs. | : : | CIVIL ACTION NO. 20-1395-ER |
| TEMPLE UNIVERSITY HOSPITAL, INC., a/k/a d/b/a TEMPLE UNIVERSITY HOSPITAL; TEMPLE UNIVERSITY HEALTH SYSTEM, INC.; TEMPLE UNIVERSITY HOSPITAL DEPARTMENT OF OBSTETRICS, GYNECOLOGY; SAMANTHA JAGANNATHAN, M.D.; SARAH MARTIN, M.D.; AND MICAELA FERNANDES, R.N. | : : : : : : : : : : | |
| Defendants, | : : | |
| vs. | : : | |
| CLINTON TURNER, M.D. | : : | |
| Cross-Claim Defendant. | : | |

### ORDER

AND NOW, this _____ day of _____, 2020, upon consideration of the United States of America's motion to dismiss certain defendants, substitute the United States of America, stay this case, and extend the answer deadline, it is ORDERED as follows:

1. The motion is GRANTED;

2. Defendant Clinton Turner, M.D. is dismissed with prejudice;

3. The United States of America is substituted as a federal defendant in place of cross-claim defendant Clinton Turner, M.D.;

4. This matter is stayed for two months until Plaintiffs have exhausted their administrative remedies against the United States; and

5. The United States' deadline to respond to the cross-claim filed against it is extended for two months until Plaintiffs have exhausted their administrative remedies.

BY THE COURT:

_____
HONORABLE EDUARDO C. ROBRENO
*Judge, United States District Court*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| J.D., by and through his parents and legal guardians, ANDREZA LOPEZ DASILVA and JOSE DASILVA | : : : : | |
| Plaintiffs, | : : | |
| vs. | : : | CIVIL ACTION NO. 20-1395-ER |
| TEMPLE UNIVERSITY HOSPITAL, INC., a/k/a d/b/a TEMPLE UNIVERSITY HOSPITAL; TEMPLE UNIVERSITY HEALTH SYSTEM, INC.; TEMPLE UNIVERSITY HOSPITAL DEPARTMENT OF OBSTETRICS, GYNECOLOGY; SAMANTHA JAGANNATHAN, M.D.; SARAH MARTIN, M.D.; AND MICAELA FERNANDES, R.N. | : : : : : : : : : : | |
| Defendants, | : : | |
| vs. | : : | |
| CLINTON TURNER, M.D. | : : | |
| Cross-Claim Defendant. | : | |

**UNITED STATES OF AMERICA'S MOTION**
**TO SUBSTITUTE, STAY, & EXTEND ANSWER DEADLINE**

The United States of America, on behalf of cross-claim defendant Clinton Turner, M.D., moves to:

1. Dismiss cross-claim defendant Clinton Turner, M.D., with prejudice;

2. Substitute the United States in place of cross-claim defendant Clinton Turner, M.D. as the sole federal defendant;

3. Stay this case for two months until Plaintiffs have exhausted their administrative remedies against the United States; and

4. Extend the United States' answer deadline for two months until Plaintiffs have exhausted their administrative remedies.

1

As fully addressed in the accompanying memorandum of law, as a deemed employee of the United States Public Health Service, cross-claim defendant Clinton Turner, M.D. is an improper defendant and the United States is the only permissible federal defendant. Further, this action should be stayed to allow Plaintiffs to fully exhaust their administrative remedies against the United States. A stay would best balance the interests of all parties and the Court by allowing Plaintiffs to consolidate any claims they have against the United States with this action, should Plaintiffs' administrative claim be denied, and would allow all parties to litigate all claims in this case according to the same schedule. Alternatively, an extension of the United States' answer deadline would ensure that this case be administered in the most efficient manner possible.

                                                  Respectfully submitted,

                                                  WILLIAM M. McSWAIN
                                                  United States Attorney

*/s/ Susan R. Becker for*
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

*/s/ Elizabeth L. Coyne*
COLIN M. CHERICO
ELIZABETH L. COYNE
Assistant United States Attorneys
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Tel: (215) 861-8788/8447
Fax: (215) 861-8618

Dated: March 19, 2020          Email:  colin.cherico@usdoj.gov
                                                  elizabeth.coyne@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| J.D., by and through his parents and legal guardians, ANDREZA LOPEZ DASILVA and JOSE DASILVA | : : : : | |
| Plaintiffs, | : : | |
| vs. | : : | CIVIL ACTION NO. 20-1395-ER |
| TEMPLE UNIVERSITY HOSPITAL, INC., a/k/a d/b/a TEMPLE UNIVERSITY HOSPITAL; TEMPLE UNIVERSITY HEALTH SYSTEM, INC.; TEMPLE UNIVERSITY HOSPITAL DEPARTMENT OF OBSTETRICS, GYNECOLOGY; SAMANTHA JAGANNATHAN, M.D.; SARAH MARTIN, M.D.; AND MICAELA FERNANDES, R.N. | : : : : : : : : : : | |
| Defendants, | : : | |
| vs. | : : | |
| CLINTON TURNER, M.D. | : : | |
| Cross-Claim Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES OF AMERICA'S MOTION TO SUBSTITUTE, STAY, & EXTEND ANSWER DEADLINE**

The United States of America, on behalf of cross-claim defendant Clinton Turner, M.D. ("Dr. Turner"), moves to dismiss Dr. Turner as a party to this action, to substitute the United States in his place, to stay this case until Plaintiffs have exhausted their administrative remedies against the United States, and to extend the United States' answer deadline.

**I.     INTRODUCTION**

At the time of the alleged events at issue in this case, Dr. Turner was acting within the scope of his employment with the U.S. Public Health Service. He was therefore deemed a federal employee. Under federal law, the only negligence claim that can be brought against a deemed federal employee is a suit against the United States under the Federal Tort Claims Act, 28 U.S.C.

1

§§ 1346(b) and 2672 (the "FTCA"). Accordingly, Dr. Turner is an improper defendant and the United States should be substituted for him.

After properly substituting the United States for Dr. Turner under the FTCA, the Court should stay this matter pending Plaintiffs' exhaustion of their administrative remedies against the United States. The FTCA requires that Plaintiffs first submit an administrative claim before the matter may come before the district court. *See* 28 U.S.C. § 2675(a). In the present matter, Plaintiffs filed an administrative claim with the U.S Department of Health and Human Services ("HHS") on November 13, 2019. If that claim is denied or not acted upon within six months, Plaintiffs will presumably wish to assert their claims against the United States in federal court. The interest of judicial economy and the balancing of harm to the parties weighs in favor of a stay so that all the parties may assert all of their claims in a concerted fashion if the administrative claim is denied or not acted upon by May 13, 2020. Likewise, the Court should extend the United States' answer deadline for two months[1] until Plaintiffs have exhausted their administrative remedies.

## II.   PROCEDURAL HISTORY

This action is related to a previous action that was also removed to this Court. *See Da Silva v. Temple Univ. Hosp., Inc. et al.*, No. 2:19-cv-4111 (E.D. Pa.) (Robreno, J.). In the previous action, Plaintiffs filed a substantially similar complaint against Temple University Hospital, Inc., a/k/a d/b/a Temple University Hospital; Temple University Health System, Inc.;

---

[1] This time period assumes that Plaintiffs will file suit against the United States promptly upon a denial of the administrative claim or a lapse of the six-month agency review period. Plaintiffs may file claims against the United States in this Court once they have exhausted their administrative remedies. While they may choose to await an agency decision past May 13, 2020, and while they have six months to sue the United States following an adverse decision, *see* 28 U.S.C. § 2401(b), the stay need only cover the next two months if Plaintiffs wish to move expeditiously before this Court.

Temple University Hospital Department of Obstetrics, Gynecology; Samantha Jagannathan, M.D.; Sarah Martin, M.D.; and Micaela Fernandes, R.N. (the "Temple Defendants"). Dr. Turner was also named a defendant in the previous action, which claimed substantially the same injuries as this current action. Because Dr. Turner was acting within the scope of his employment with the U.S. Public Health Service at the time of the events alleged in the complaint, HHS deemed him a federal employee. On this basis, the United States moved to substitute itself as a defendant in the case and dismiss the case against Dr. Turner. Plaintiffs then moved to voluntarily dismiss the action without prejudice so that they could pursue an administrative claim against the United States, as mandated by the FTCA. The case was subsequently dismissed by an Order of this Court entered October 25, 2019. *See* Order Granting Plaintiffs' Motion for Voluntary Dismissal, *Da Silva v. Temple Univ. Hosp., Inc. et al.*, No. 2:19-cv-4111, ECF No. 5 (E.D. Pa. Oct. 25, 2019).

Plaintiffs then filed an administrative claim with HHS on November 13, 2019. The claim is still pending. Plaintiffs' administrative remedies will not be considered exhausted until the claim is adjudicated, or until six months have passed from the date of filing. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *see also* 28 U.S.C. § 2675(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."). Plaintiffs will thus be considered to have exhausted their administrative remedies on May 13, 2020.

On December 18, 2019, while their administrative claim was pending, Plaintiffs again filed suit against the Temple Defendants in the Court of Common Pleas of Philadelphia County.

3

The complaint was substantially similar to the previous complaint, except that it did not name Dr. Turner as a defendant. On January 17, 2020, the Temple Defendants filed a joinder complaint adding Dr. Turner as an additional defendant and asserting that, if the Temple Defendants are found liable for Plaintiffs' alleged injuries, Dr. Turner is either solely liable to Plaintiffs or jointly and/or severally liable with the Temple Defendants. The FTCA's exhaustion requirements do not apply to third party complaints, cross-claims, or counterclaims. *See* 28 U.S.C. § 2675(a).

The United States removed the case to this Court on March 12, 2020, and marked it related to the previous action. The Temple Defendants then filed their Answer on March 17, 2020, and included a cross-claim directed at Dr. Turner, which alleged that Dr. Turner was the sole and proximate cause of any alleged injuries to Plaintiffs, and that Dr. Turner is either solely liable to Plaintiffs, jointly and/or severally liable with the Temple Defendants, or liable to the Temple Defendants for contribution and/or indemnity.

**III. STANDARD OF REVIEW**

Federal courts have limited jurisdiction, possessing only that power granted by the Constitution or authorized by Congress. *See generally Kokkomen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A district court may hear a case only if it is authorized to do so by a congressional grant of subject matter jurisdiction. *See Ins. Corp. of Ireland v. Compagnie des Bauxit de Guinee*, 456 U.S. 694, 701 (1982). "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (internal citation and quotation omitted).

Further, the "United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (internal citations omitted). To sue the sovereign, Plaintiffs' allegations must invoke a valid waiver of sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Such statutory waivers are to be strictly construed in favor of the sovereign. *See Dept. of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999).

Where a party requests a stay, the moving party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to [someone] else." *Landis v. N. Am. Co.*, 299 US. 248, 255 (1936). "The power to stay is incidental to the power inherent in every court to dispose of cases so as to promote their fair and efficient adjudication." *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the Court's discretion to issue a stay]." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

**IV.     ARGUMENT**

    **A.     Dr. Turner must be dismissed as a defendant and the United States substituted for him as the sole federal defendant.**

A claim against the United States under the FTCA is the exclusive remedy for any personal injury resulting from a U.S. Public Health Service employee's alleged negligence. 42 U.S.C. § 233(g). Under 42 U.S.C. § 233(a), part of the Federally Supported Health Centers Assistance Act of 1992 and 1995, the remedy against the United States provided by the FTCA is the exclusive remedy for damage for personal injury allegedly caused by the performance of medical functions by deemed employees of the U.S. Public Health Service while acting within

5

the scope of their employment. *See* 42 U.S.C. § 233(a); *Hui v. Castaneda*, 559 U.S. 799, 802 (2010). In other words, an FTCA claim is the exclusive remedy against Dr. Turner.

Here, the Department of Health and Human Services has deemed Dr. Turner a federal employee at the time of the incident giving rise to this suit. *See* 42 U.S.C. § 233(c); Ex. A (Declaration of HHS Counsel) (affirming that Delaware Valley Community Health, Inc. was properly deemed Public Health Service employee and that Dr. Turner was its employee at all times relevant to the Complaint). HHS also affirmed that Dr. Turner was acting as a covered person within the scope of his deemed employment of the Public Health Service. *Id.*

Thus, as a deemed employee of the Public Health Service, Dr. Turner is not a proper party to this suit, and this Court lacks subject matter jurisdiction to adjudicate the claims against him. Accordingly the Court should dismiss Dr. Turner and substitute the United States in his place. *See, e.g.*, *Hui*, 559 U.S. at 806, 811 (proof of scope can be established by declaration affirming that a defendant was a Public Health Service employee during relevant time period).

> **B.     This Court should stay this matter and extend the United States' answer deadline for two months until Plaintiffs have exhausted their administrative remedies against the United States.**

The Supreme Court has counseled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 at 254–55. "Generally, in the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive on the issues." *Airgas, Inc. v. Cravath, Swaine & Moore LLP*, No. CIV. A. 10-612,

6

2010 WL 624955, at *2 (E.D. Pa. Feb 22, 2010) (Robreno, J.).[2] To determine whether a stay should be granted, the Court may consider factors such as prejudice to the non-moving party, the hardship or inequity to the movant if forced to proceed, and whether a stay "would further the interest of judicial economy." *Id.* at 3 (citing *Landis*, 299 U.S. at 254–55).

      Here, a stay of these proceedings would serve the interests of the parties and the Court alike. The stay should extend for two months, when Plaintiffs will exhaust their administrative remedies and will be able to bring any claims against the United States in federal court.[3] Although Plaintiffs may face a brief delay in proceeding forward, a stay would allow them to renew their claims against the United States and litigate those claims in a coordinated fashion with the rest of this action if the administrative claim is denied or not acted upon within the six-month period. This outcome would serve the Temple Defendants' interests as well because it would allow Plaintiffs to sue the United States directly, and allow all the parties to litigate all of their claims at the same time. Even if the administrative claim is adjudicated in Plaintiffs' favor, the stay would serve the parties' interest by ensuring that the remaining claims be litigated as efficiently as possible in federal court.

      Absent a stay, however, the United States could be forced to spend great time and expense defending this action in piecemeal fashion. The United States would be required to respond to the cross-claim and begin litigating that case, while facing the real possibility that it

---

[2] These principles should apply with equal force here, where the United States requests a stay pending the outcome of an administrative proceeding, rather than a separate civil action.

[3] Plaintiffs could potentially bring a federal lawsuit before May 13, 2020, if the administrative claim is decided before that date. As described in footnote 1 above, Plaintiffs may also decide to wait before bringing a lawsuit against the United States. Plaintiffs may choose to await an agency decision past May 13, 2020, or they may wait six months to sue the United States following an adverse decision. *See* 28 U.S.C. § 2401(b). The stay the United States seeks need only cover the next two months if Plaintiffs wish to move expeditiously before this Court.

will have to respond to similar claims all over again if Plaintiffs pursue their claims against the United States at a later date. This posture would create unnecessary duplication at best, and significant confusion at worst. The potential hardship to the United States is easily eradicated, however, by the imposition of a stay until Plaintiffs exhaust their administrative remedies against the United States, which could take place in as little as two months.[4]

Those same considerations weigh in favor of a stay for the sake of judicial economy. Allowing this case to move forward now opens the door to fractured litigation if HHS denies Plaintiffs' administrative claims and Plaintiffs then seek to reassert their claims against the United States in federal court. By implementing the requested stay, the Court will remove the possibility of duplicative filings and inconsistent discovery and briefing schedules.

The interests of judicial economy, combined with the balance of interests to the parties, would therefore be well served by granting the United States' requested stay. If the Court does not wish to impose a stay over the entire case, then it should at least grant a two-month stay—or otherwise an extension—as to the United States' answer deadline until after Plaintiffs exhaust their administrative remedies.[5]

## V. CONCLUSION

For the foregoing reasons, the United States respectfully asks that the Court dismiss defendant Clinton Turner, M.D., substitute the United States for him as the sole federal

---

[4] Again, while Plaintiffs have some leeway in deciding when to bring any claims against the United States, Plaintiffs will be able to file suit against the United States as early as May 13, 2020, or potentially earlier if HHS denies their claim before that date.

[5] To the extent the Court requires a responsive pleading at this time, the United States denies the allegations in the cross-claim. The United States will file a formal answer to the cross-claim forthwith if the Court so requires.

defendant, and stay this case or otherwise extend the United States' answer deadline for two months until Plaintiffs exhaust their administrative remedies.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney


*/s/ Susan R. Becker for*
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division


*/s/ Elizabeth L. Coyne*
COLIN M. CHERICO
ELIZABETH L. COYNE
Assistant United States Attorneys
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Tel: (215) 861-8788/8447
Fax: (215) 861-8618
Dated: March 19, 2020                    Email:  colin.cherico@usdoj.gov
                                                 elizabeth.coyne@usdoj.gov

9

## **CERTIFICATE OF SERVICE**

I certify that on this date, I filed the foregoing Motion with the Court and served a copy by ECF upon the following:

| | |
|---|---|
| Joseph L. Messa, Jr., Esquire<br>MESSA & ASSOCIATES, P.C.<br>123 South 22nd Street<br>Philadelphia, PA 19103<br><br>*Counsel for Plaintiffs* | James A. Young, Esquire<br>Richard S. Margulies, Esquire<br>BURNS WHITE<br>1880 JFK Boulevard, 10th Floor<br>Philadelphia, PA 19103<br><br>*Counsel for Defendant Temple University Hospital, Inc., a/k/a Temple University Hospital; Temple University Health System, Inc.; Temple University Hospital Department of Obstetrics, Gynecology; Samantha Jagannathan, M.D.; Sarah Martin, M.D.; and Micaela Fernandes, R.N.* |

Dated: March 19, 2020

                                                          */s/ Elizabeth L. Coyne*
                                                          ELIZABETH L. COYNE
                                                          Assistant United States Attorney