IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DA SILVA et al.,                  :      CIVIL ACTION
                                  :      NO. 20-01395
          Plaintiffs,             :
                                  :
     v.                           :
                                  :
TEMPLE UNIVERSITY HOSPITAL,       :
INC., et al.,                     :
                                  :
          Defendants.             :

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                       December 10, 2020

## I.   INTRODUCTION

Plaintiffs Andreza Lopez DaSilva and Jose DaSilva bring
this medical malpractice action individually and on behalf of
their minor son, J.D., against: Temple University Hospital,
Inc.; Temple University Health System, Inc.; Temple University
Hospital Department of Obstetrics and Gynecology; Samantha
Jagannathan, M.D.; Sarah Martin, M.D.; and Micaela Fernandes,
R.N. (collectively, "Temple Defendants"). Plaintiffs allege that
the Temple Defendants' negligent performance of a C-section
caused J.D.'s severe and permanent injuries.

Currently pending before the Court are the United States'
Motion to Substitute, Stay, and Extend Answer Deadline and
Plaintiffs' Cross-Motion to Dismiss and Remand. For the reasons

discussed below, the Court will: (1) grant the United States'

motion to substitute itself as a Defendant in place of Dr.

Clinton Turner; (2) grant the United States' motion to stay the

case pending exhaustion of administrative remedies; and (3) deny

Plaintiffs' motion to dismiss the claims against the United

States for lack of subject matter jurisdiction, as well as their

motion to remand the case to the Court of Common Pleas.

## II.   BACKGROUND

This is Plaintiffs' second action arising from the same set

of facts. In the prior action, Plaintiffs filed a nearly

identical complaint against multiple Temple University entities

and several medical professionals, including Dr. Clinton Turner,

who performed the C-section at issue. See Da Silva v. Temple

Univ. Hosp., No. 19-cv-4111 (E.D. Pa. 2019).

Because Turner was an employee not of Temple but of the

United States Public Health Service when he performed the C-

section, the United States moved to substitute itself as a

defendant and to dismiss the claims against Turner, pursuant to

the Federal Tort Claims Act ("FTCA").

Plaintiffs then voluntarily dismissed the complaint to

exhaust administrative remedies, as required by the FTCA, and

the Court marked the case closed. See Fed. R. Civ. P. 41(a). On

November 13, 2019, Plaintiffs filed an administrative complaint

with the Department of Health and Human Services ("HHS"). They

received a notification of HHS' final determination denying

their claim on April 10, 2020.

In December 2019, while the administrative claim was

pending, Plaintiffs filed the Complaint in the instant action in

the Philadelphia Court of Common Pleas. The Complaint is nearly

identical to the complaint in the previous action, except that

it does not name Turner as a defendant.

In turn, the Temple Defendants filed a joinder complaint in

the Court of Common Pleas adding Turner as a defendant and

asserting a crossclaim against him. The Temple Defendants allege

that, if they are found to be liable for Plaintiffs' injuries,

Turner is either solely liable to Plaintiffs or jointly and

severally liable with the Temple Defendants.

The United States then removed the case to this Court. The

United States cites the FTCA, which confers exclusive

jurisdiction over FTCA actions to federal district courts, as

the basis for this Court's subject matter jurisdiction. See 42

U.S.C. § 233(c). The Temple Defendants filed an Answer denying

liability and directing a crossclaim against Turner.

Following removal, the United States filed the instant

motion to substitute the United States in place of Turner, based

on the certification of the Attorney General that Turner was

acting within the scope of his employment. The United States

also moves to stay the proceedings until Plaintiffs have

exhausted their administrative remedies against the United

States. Plaintiffs do not oppose the substitution of the United

States as a defendant in place of Turner. However, they oppose a

stay. They also move to dismiss the action for lack of subject

matter jurisdiction and to remand Plaintiffs' claims against the

Temple Defendants to the Court of Common Pleas.[1]

## III. LEGAL STANDARD

A party may move to dismiss a complaint for lack of subject

matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). In evaluating

such a motion, "a court must first determine whether the movant

presents a facial or factual attack." In re Schering Plough

Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243

(3d Cir. 2012) (citing Mortensen v. First Fed. Sav. & Loan

Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

A facial challenge "contests the sufficiency of the

pleadings," id., while a factual challenge contests a claim's

"actual failure . . . to comport with the jurisdictional

prerequisites." U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.,

473 F.3d 506, 512 (3d Cir. 2007). When considering a facial

attack, "the court looks only at the allegations in the

pleadings and does so in the light most favorable to the

---

[1]     Plaintiffs filed two motions seeking this relief. Plaintiffs filed the
first motion before receiving notification of HHS' denial of their
administrative claim. See Pls.' Cross-Mot. Dismiss and Remand, ECF No. 6.
Plaintiffs filed the second motion after receiving that notification. See
Pls.' Mot. Remand and Dismiss, ECF No. 8.

plaintiff." Id. (citing Mortensen, 549 F.2d at 891). However, a court considering a factual challenge attaches "no presumptive truthfulness" to the plaintiff's allegations and may review evidence outside the pleadings to "satisfy itself as to the existence of its power to hear the case." Mortensen, 549 F.2d at 891.

## IV.   DISCUSSION

### A.   Motion to Substitute

The United States moves to substitute itself as a defendant in place of Turner and to dismiss Turner as a party to this action.

The FTCA is the exclusive remedy for state-law tort actions brought against Public Health Service employees acting within the scope of their employment. See 42 U.S.C. § 233(a), (g); see also Hui v. Castaneda, 559 U.S. 799, 812 (2010) ("[T]he immunity provided by § 233(a) precludes Bivens actions against individual [U.S. Public Health Service] officers or employees for harms arising out of conduct described in that section.").

According to an HHS declaration in the instant action, Turner was a U.S. Public Health Service employee when he performed the C-section at issue. U.S.' Mot. Substitute, Stay, and Extend Answer Deadlines Ex. A, ECF No. 5-1. Plaintiffs do not dispute that this is the case, and they do not dispute that Turner was acting within the scope of his employment. Therefore,

they do not oppose dismissing him as a party and substituting

the United States.

Accordingly, the Court will grant the United States' motion

to dismiss Turner as a party to the action and to substitute the

United States in his place.

**B.   Motion to Stay and Extend Answer Deadline**

The United States also moves to stay the case or otherwise

extend its answer deadline until Plaintiffs have exhausted their

administrative remedies.

1.   Exhaustion of administrative remedies

An administrative claim under the FTCA is considered

exhausted when the claim has been adjudicated or when six months

have passed from the date of filing. 28 U.S.C. § 2675(a). If an

agency denies the claim, the claimant may either: (1) file a

written request with the agency for reconsideration within six

months or (2) file suit against the United States in federal

district court within six months. 28 C.F.R. § 14.9; see

also Lightfoot v. United States, 564 F.3d 625, 627 (3d Cir.

2009).

If the claimant files a request for reconsideration, the

agency has six months to make a final disposition of the claim.

28 C.F.R. § 14.9(b). The claimant's option to treat the

administrative claim as finally denied does not accrue until six

months after filing the request for reconsideration. Id.

Here, Plaintiffs filed an administrative claim with HHS on

November 13, 2019, and received a final determination on April

10, 2020. Pursuant to 28 C.F.R. § 14.9, they had six months from

notification of their denial to request reconsideration with the

agency. Plaintiffs filed such a request in October 2020—i.e., at

the end of the window in which to timely file such a request—and

the request is still pending. Plaintiffs' claim against the

United States remains unexhausted until the agency issues a

decision on the request or until the six-month period to make

such a ruling has expired, which will occur in April 2021. See

Burke v. Veolia Energy Co., No. CV 16-5559, 2017 WL 432536, at

*3 (E.D. Pa. Feb. 1, 2017) ("Because [the plaintiff] filed suit

. . . before [the agency] issued a decision on her request for

reconsideration and before the six-month period in which to make

such a ruling expired, her claim against the United States is

not yet exhausted.").

### 2.   Staying the proceedings

A stay is "an exercise of judicial discretion," and "[t]he

propriety of its issue is dependent upon the circumstances of

the particular case." Nken v. Holder, 556 U.S. 418, 433–34

(2009) (citing Virginian Ry. Co. v. United States, 272 U.S. 658,

672–73 (1926)). "The party requesting a stay bears the burden of

showing that the circumstances justify an exercise of that discretion." Id.

In the instant action, the United States argues that staying the proceedings pending exhaustion of administrative remedies would allow Plaintiffs "to renew their claims against the United States and litigate those claims in a coordinated fashion with the rest of the action." U.S.' Mot. Substitute, Stay, and Extend Answer Deadlines 7, ECF No. 5. It argues a stay would also serve the Temple Defendants' interests "because it would allow Plaintiffs to sue the United States directly, and allow all the parties to litigate all of their claims at the same time." Id. Absent a stay, the United States "would be required to respond to the cross-claim and begin litigating this case, while facing the real possibility that it will have to respond to similar claims all over again if Plaintiffs pursue their claim against the United States at a later date." Id. at 7-8.

Plaintiffs oppose a stay, arguing they "are not required to bring a claim against the United States and may later decide not to pursue the claim altogether." Pls.' Reply Supp. Mot. Dismiss 9, ECF No. 15-2.

There being no unfair prejudice to Plaintiffs,[2] for the sake

of judicial economy, and to avoid piecemeal litigation, the

Court will grant the United States' motion to stay the case

pending exhaustion of administrative remedies.

###### C.   **Motion to Dismiss and Remand**

Plaintiffs move to dismiss the case for lack of subject

matter jurisdiction and to remand their claims against the

Temple Defendants to the Philadelphia Court of Common Pleas.

They argue: (1) Plaintiffs have not yet exhausted administrative

remedies; (2) the derivative jurisdiction doctrine bars the

Temple Defendants' claims against the United States; and (3) the

Temple Defendants' claims against the United States for

indemnity and contribution are premature.

These challenges concern "not an alleged pleading

deficiency" but rather the pleadings' "actual failure . . . to

comport with the jurisdictional prerequisites." U.S. ex rel.

Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 512 (3d Cir.

2007). They are therefore factual—rather than facial—challenges

to the jurisdiction of the Court. See id. Accordingly, the Court

---

[2]     Plaintiffs contend that J.D. is in need of urgent medical care and that
they are not in a financial position to provide it. They therefore argue that
a delay in the case would cause them substantial harm. This need for speedy
action is undermined by Plaintiffs' own conduct in waiting for six months to
file a request for reconsideration of HHS' denial of their claim and doing so
only on the eve of the deadline.

may review evidence outside the pleadings to determine if it has

jurisdiction in this case. Id.

        1.    Exhaustion of administrative remedies

The FTCA's administrative exhaustion requirement is

"jurisdictional and cannot be waived." Rosario v. Am. Exp.-

Isbrandtsen Lines, Inc., 531 F.2d 1227, 1231 (3d Cir. 1976).

Plaintiffs argue the Court lacks subject matter jurisdiction

because they have not yet exhausted their administrative

remedies against the United States, as their request for

reconsideration is currently pending before HHS. See supra

Section IV.B.1.

However, the claim against the United States in the instant

action is a third-party claim brought by the Temple Defendants,

not a direct claim brought by Plaintiffs. Plaintiffs do not name

either Turner or the United States as a party, and the FTCA does

not require the Temple Defendants, as third-party claimants, to

exhaust their own remedies against the United States. See 28

U.S.C. § 2675(a) ("The provisions of this subsection shall not

apply to such claims as may be asserted under the Federal Rules

of Civil Procedure by third party complaint, cross-claim, or

counterclaim."); Thompson v. Wheeler, 898 F.2d 406, 410 (3d Cir.

1990) (interpreting § 2675(a) as "not distinguishing between

cases initially brought in the federal courts and those

initially properly brought in the state courts").

Therefore, Plaintiffs' pending administrative claim against the United States does not deprive the Court of subject matter jurisdiction in the instant matter.

### 2.   The derivative jurisdiction doctrine

Plaintiffs next contend that the Court lacks subject matter jurisdiction under the derivative jurisdiction doctrine, which generally provides that if the state court from which the action was removed lacked subject matter jurisdiction, the federal court to which the action was removed also lacks jurisdiction. See Lambert Run Coal Co. v. Baltimore & O.R. Co., 258 U.S. 377, 382 (1922). Congress expressly abrogated the doctrine for cases removed under 28 U.S.C. § 1441, the general removal statute, but has not done so for cases removed under other statutes. See id. § 1441(f).

The United States removed the instant action under 42 U.S.C. § 233, which provides that, when a United States Public Health Service employee is sued individually in state court for tortious conduct, the action "shall be removed . . . to the district court of the United States of the district and division embracing the place wherein it is pending" upon certification by the Attorney General that the employee was acting within the scope of his employment. Id. § 233(c).

Plaintiffs argue that because federal district courts have exclusive jurisdiction over FTCA claims, the state court never

acquired subject matter jurisdiction over the Temple Defendants'
third-party complaint against Turner. Since the state court
lacked jurisdiction, they argue, under the derivative
jurisdiction doctrine, this Court does too.

Some district courts have adopted Plaintiffs'
interpretation of the derivative jurisdiction doctrine and
dismissed FTCA claims where a federal employee sued individually
in state court has previously been certified as having acted
within the scope of his employment when the alleged tort was
committed. See, e.g., Dellinger v. Richards, No. 1:18-CV-02119,
2019 WL 4273878, at *4 (M.D. Pa. Sept. 10, 2019). But other
courts have concluded that the derivative jurisdiction doctrine
does not bar FTCA actions originally filed in state court
against a federal employee, since removal to federal court is
mandatory under the FTCA in cases where the Attorney General
certifies that the employee was acting within the scope of his
employment when the alleged tort was committed. The latter
courts reason that dismissing "all actions so removed . . . for
lack of subject matter jurisdiction pursuant to the derivative
jurisdiction doctrine" would "render this [mandatory FTCA]
provision nonsensical." Nye v. Hilo Med. Ctr., No. CIV.09-00220,
2010 WL 931926, at *5 (D. Haw. Mar. 11, 2010) (citing McGowan v.
Williams, 623 F.2d 1239, 1242 (7th Cir 1980)).

The Third Circuit's decision in Thompson v. Wheeler, 898

F.2d 406 (3d Cir. 1990), is instructive on this issue. Thompson

involves the interplay of two lawsuits arising from an

automobile accident in which a vehicle driven by a Deputy United

States Marshal (the "Marshal"), which was transporting a

prisoner (the "Prisoner"), collided with a vehicle driven by a

civilian driver (the "Driver"). In the first action, the Driver

filed a suit in state court against the Marshal, who in turn

removed the action to federal court.

In the second action, the one before the Thompson court,

the Prisoner filed suit in state court against the Driver, who

in turn joined the Marshal for contribution. The relevant issue

in Thompson for the purposes of this case is whether the state

court in the second case ever had subject matter jurisdiction,

given that the Marshal had been found to be acting within the

scope of his employment in the first suit under the same set of

facts.[3] The court distinguished cases where jurisdiction lies

exclusively in the federal courts because the United States is

named as a defendant from cases such as Thompson, where "federal

jurisdiction lies only after the Attorney General certifies that

---

[3]     The first action was "defended by the United States Attorney as it was
effectively against the United States." Id. at 407 (citing 28 U.S.C. § 2679).
Presumably, then, the Marshal was certified by the Attorney General to have
been acting within the scope of his employment at the time of the accident.

[the individual defendant] was acting within the scope of his employment." Id. at 409 n.2. The court also noted that "[t]he possibility that such certification might issue [in a subsequent action on the same set of facts] does not automatically divest a state court of subject matter jurisdiction." Id.

In the instant action, the Temple Defendants filed a joinder complaint in the state court not against the United States, but against Turner. The United States was not a party to the state court proceedings and did not move to substitute itself as a Defendant until it removed the action to this Court. Therefore, under Thompson, the FTCA did not deprive the state court of subject matter jurisdiction over the claims against Turner because federal jurisdiction did not attach while the case was in state court. See id. The state court had jurisdiction over the instant action until the matter was removed, the United States asserted the Attorney General's certification and moved to substitute itself as a defendant, and the Court granted the Motion to Substitute.

Since the state court had subject matter jurisdiction over the tort action before it (which did not include the United States), the derivative jurisdiction doctrine does not deprive this Court of jurisdiction upon removal. See Zanghi v. Sisters of Charity Hosp. of Buffalo, N.Y., No. 12-CV-765S, 2013 WL 706241, at *3 (W.D.N.Y. Feb. 26, 2013) (finding the derivative

jurisdiction doctrine inapplicable where the United States was not yet a party in the state court action).

Plaintiffs seek to distinguish <u>Thompson</u> from the instant action by arguing that Turner's certification as a federal employee was not a mere possibility but a "foregone conclusion" because he had been so certified in Plaintiffs' first lawsuit. Pls.' Reply Supp. Mot. Dismiss 4, ECF No. 15-2. Since Turner was previously certified as a federal employee under the same set of facts, albeit in a prior lawsuit that was voluntarily dismissed and marked closed, Plaintiffs argue the state court lacked jurisdiction over the third-party claim against him. Therefore, a form of "foregone conclusion" anticipatory derivative jurisdiction doctrine should apply.

Plaintiffs point to <u>Dellinger v. Richards</u>, No. 1:18-CV-02119, 2019 WL 4273878 (M.D. Pa. Sept. 10, 2019), a medical malpractice action initially brought in state court against several defendants, including a doctor who was a federal employee. The United States removed to federal court, certified the doctor as acting within the scope of his employment, and sought to substitute itself as a defendant. The United States then moved to dismiss the action against it for failure to exhaust administrative remedies. The court granted the motion and remanded the remaining claims to state court. <u>Id.</u> at *1. The

plaintiffs subsequently exhausted their administrative remedies and did not file suit against the United States.

In the state court action, which had been remanded from the federal court, the non-federal defendants filed a third-party joinder complaint against the previously dismissed doctor, seeking contribution and indemnification. The United States, now a defendant in the third-party joinder, again removed to federal court and moved to dismiss the joinder complaint for lack of subject matter jurisdiction, arguing the derivative jurisdiction doctrine negated the court's subject matter jurisdiction. The United States emphasized that when the defendants filed their contribution claim in state court, the doctor's certification as a federal employee "was not a mere 'possibility' but a certainty, as the certification had already been issued in the same case 13 months earlier." Id. at *5. The court determined that the derivative jurisdiction doctrine mandated dismissal.

Plaintiffs urge the Court to follow the Dellinger court's rationale and dismiss the action. But unlike in Dellinger, where the federal court remanded the case to state court following the first removal, the instant case was never remanded. See id. at *1. Rather, Plaintiffs voluntarily dismissed their first case and subsequently filed a separate new action in state court. See Da Silva v. Temple Univ. Hosp., No. 19-cv-4111 (E.D. Pa. 2019). As such, Turner's earlier certification did not occur during the

16

course of a single court action, as was the case in Dellinger.
See Dellinger, 2019 WL 4273878, at *1.

This distinction matters. Under Thompson, federal
jurisdiction attaches in an FTCA action after the Attorney
General certifies that the federal employee was acting within
the scope of his employment. 898 F.2d at 409 n.2. An employee's
prior certification by the Attorney General in a separate
action—even one arising from the same set of facts—does not
divest the state court of jurisdiction over claims against that
employee unless and until the United States asserts the
certification in support of a motion to substitute itself as a
defendant in place of the employee, as in the case at bar.[4] See
id.; cf. Barnaby v. Quintos, 410 F. Supp. 2d 142, 147 n.9
(S.D.N.Y. 2005) ("[D]efendants argue that, although
certification had already taken place in Thompson as well, the
Court of Appeals found that the state court had jurisdiction.
The certification in Thompson, however, was in a separate
lawsuit that had been settled. In this case the chain of the
litigation is unbroken.").

The Third Circuit has recognized that "Congress anticipated
that [FTCA] suits initially would be brought in state court,"

---

[4]     That the certification in the instant action was initially asserted in
the first action, which was separate from the instant action, is of no
moment. The crucial issue is when the certification was asserted in the
present action. Here, the certification was asserted after removal.

Thompson, 898 F.2d at 409 n.2 (citing McGowan v. Williams, 623

F.2d 1239, 1242 (7th Cir. 1980)). Plaintiffs ask the Court to

effectively moot the FTCA's mandatory removal provision in cases

where a federal employee's certification is a "foregone

conclusion." The Court declines to do so.

For these reasons, the derivative jurisdiction doctrine

does not deprive the Court of subject matter jurisdiction in

this action.

### 3.   Indemnity and contribution claims

Finally, Plaintiffs argue the Court lacks subject matter

jurisdiction because the Temple Defendants' third-party claim

for contribution and indemnity is premature. They claim that

because "there has been no settlement, nor any judgment entered

against any of the defendants[,] . . . the asserted claims for

contribution and indemnity have not yet accrued." Pls.' Mot.

Dismiss 14, ECF No. 8.

Plaintiffs' argument overlooks the plain text of Federal

Rule of Civil Procedure 14, which governs third-party practice

in the federal courts. The Rule's objective "is to avoid the

situation that arises when a defendant has been held liable to

plaintiff and then finds it necessary to bring a separate action

against a third individual who may be liable to defendant for

all or part of plaintiff's original claim." 6 Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure § 1442

(3d ed.). To that end, the Rule patently contemplates a

defending party in federal court asserting claims for

contribution and/or indemnification before judgment is entered.

This general rule has been regularly followed in this circuit.

See, e.g., Jackson v. Se. Pa. Transp. Auth., 727 F. Supp. 965,

967 (E.D. Pa. 1990) ("SEPTA is exercising its option, made

possible by Federal Rule of Civil Procedure 14 in conjunction

with Section 2675(a), to implead the United States as a third-

party defendant rather than waiting until judgment is entered or

a settlement reached.").

For the foregoing reasons, the Court rejects Plaintiffs'

challenges to its subject matter jurisdiction.

4.   The Court's basis for subject matter jurisdiction

The Court has subject matter jurisdiction in the instant

action because the Temple Defendants' claim against the United

States provides an independent basis for the exercise of such

jurisdiction. See Carr v. Am. Red Cross, 17 F.3d 671, 684 (3d

Cir. 1994) (explaining that a cross-claim for contribution

against a federal entity may proceed even if the plaintiff no

longer has a claim against the entity); Young v. Temple Univ.

Hosp., No. CV 19-1174, 2019 WL 5569510, at *12 (E.D. Pa. Oct.

28, 2019) ("[T]he Temple Defendants' cross-claims against the

United States find an independent basis of federal jurisdiction.

This is because the FTCA confers federal jurisdiction over cases in which the United States is a party.").

Therefore, the Court will deny Plaintiffs' motion to dismiss for lack of subject matter jurisdiction. Because the Court maintains subject matter jurisdiction, it will also deny the motion to remand Plaintiffs' claims against the Temple Defendants to the Philadelphia Court of Common Pleas.

## V.    CONCLUSION

For the foregoing reasons, the Court will: (1) grant the United States' Motion to Substitute; (2) grant the United States' Motion to Stay; and (3) deny Plaintiffs' Motion to Dismiss and Remand. An order consistent with this memorandum will issue.