# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.D., by and through his parents and legal guardians, ANDREZA LOPEZ DASILVA and JOSE DASILVA | : : : : | |
| Plaintiffs, | : : : | |
| vs. | : : | CIVIL ACTION NO. 20-1395-ER |
| TEMPLE UNIVERSITY HOSPITAL, INC., a/k/a d/b/a TEMPLE UNIVERSITY HEALTH SYSTEM, INC.; TEMPLE UNIVERSITY DEPARTMENT OF OBSTETRICS, GYNECOLOGY; SAMANTHA JAGANNATHAN, M.D.; SARAH MARTIN, M.D.; AND MICAELA FERNANDES, R.N.; and UNITED STATES OF AMERICA | : : : : : : : : : : | |
| Defendants. | : : : | |

## ANSWER OF DEFENDANT UNITED STATES OF AMERICA TO PLAINTIFFS' AMENDED COMPLAINT, WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIM

Defendant United States of America hereby: (1) answers, and pleads affirmative defenses to, plaintiffs'[1] Amended Complaint (ECF 36); and (2) cross-claims against defendants Temple University Hospital, Inc. a/k/a d/b/a Temple University Hospital; Temple University Health System, Inc.; Temple University Hospital Department of Obstetrics, Gynecology; Samantha Jagannathan, M.D.; Sarah Martin, M.D.; and Micaela Fernandes, R.N. (collectively the "Temple Defendants").

---

[1]    Although the case caption suggests that the minor plaintiff J.D. is the sole plaintiff in this action, the Amended Complaint makes clear that Andreza Lopez DaSilva ("Mrs. Lopez DaSilva") and Jose DaSilva ("Mr. DaSilva") are also stating individual claims. This Answer therefore uses the plural to collectively refer to the plaintiffs.

**ANSWER**

**INTRODUCTION**

1. Admits in part and denies in part. The United States admits, based on review of the pertinent medical records, that Mrs. Lopez DaSilva was admitted to Temple University Hospital on December 13, 2017 for a scheduled caesarian section. The United States further admits on information and belief, based on review of the pertinent medical records, that Mrs. Lopez DaSilva was pregnant with her fourth child at the time of her admission. The United States lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph—including whether Mr. DaSilva presented to Temple University Hospital on December 13, 2017—and therefore denies them.

2. Admits in part and denies in part. The United States admits that Clinton A. Turner, M.D., was among the medical professionals who provided care to Mrs. Lopez DaSilva on December 13, 2017. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the remaining allegations of this paragraph and therefore denies them.

3–15. Denies as stated. The information relating to Mrs. Lopez DaSilva's and J.D's diagnoses, treatments, and conditions is contained in the medical records, which are in writing and speak for themselves. The United States denies the allegations of Paragraphs 3 through 15 to the extent that they deviate from the medical records.

16–18. Denies the allegations of Paragraphs 16 through 18 as conclusions of law to which no response is required.

19. Denies. The United States denies the plaintiffs' characterizations of their own legal claims, and denies the remaining allegations of this paragraph as conclusions of law to which no response is required.

## JURISDICTION AND VENUE

20. Admits in part and denies in part. The United States admits that Clinton A. Turner, M.D. is a deemed federal employee and further admits that Dr. Turner was acting within the scope of his federal employment at the time of the alleged incident giving rise to the Amended Complaint. The United States denies, however, that Dr. Turner was deemed a federal employee *because* he was acting within the scope of his employment—the deeming decision and scoping decision involve two separate inquiries. By way of further response, the United States explains that Dr. Turner is deemed a federal employee through his employment with Delaware Valley Community Health, Inc. ("DVCH"). DVCH is a health center program grantee under 42 U.S.C. § 254b and a deemed public health service employee under 42 U.S.C. § 233. The United States further states that the U.S. Attorney, acting as a delegate of the Attorney General, determined that Dr. Turner was acting within the scope of his federal employment at the time of the alleged incident out of which this suit arose for purposes of 42 U.S.C. § 233(c).

21. Admits in part and denies in part. The United States admits that plaintiffs have asserted a personal injury claim against the United States, among others, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1). The United States denies that plaintiffs are entitled to any recovery or relief whatsoever against the United States. The United States denies the remaining allegations of this paragraph regarding jurisdiction as conclusions of law to which no response is required, but the United States does not dispute that this Court has jurisdiction of this action.

22. Admits.

23. Admits in part and denies in part. The United States admits that the U.S. Department of Health and Human Services ("HHS") denied the plaintiffs' administrative tort claim on or around April 20, 2020. HHS's denial is a writing that speaks for itself. The United States denies the allegations in this paragraph to the extent they deviate from HHS's denial.

24. Admits.

25. Denies the allegations in this paragraph as conclusions of law to which no response is required.

26. Admits in part and denies in part. The United States admits only that HHS did not issue a final determination of the plaintiffs' request for reconsideration on or before April 19, 2021. The United States specifically denies that HHS failed to reconsider the plaintiffs' claim.

27. Denies the allegations in this paragraph as conclusions of law to which no response is required, but the United States does not contest that the plaintiffs have properly exhausted their administrative remedies.

28. Denies the allegations in this paragraph as conclusions of law to which no response is required, but the United States does not contest that venue is proper in this Court.

## PARTIES

29. Admits on information and belief.

30. Admits in part and denies in part. The United States admits that Dr. Turner is a physician who specializes in the field of obstetrics and gynecology. The United States also admits that Dr. Turner was working at Temple University Hospital at the time of the alleged incident giving rise to the Amended Complaint. The United States further admits that Dr. Turner is a deemed federal employee who was acting within the scope of his federal employment at the

time of the alleged incident giving rise to the Amended Complaint. Denies the remaining allegations of this paragraph as conclusions of law to which no response is required. The United States further specifically denies any legal conclusion regarding Dr. Turner's actual or apparent agency.

31. Admits in part and denies in part. The United States admits that plaintiffs have asserted a claim against the United States, among others, under the FTCA alleging professional negligence as a result of alleged actions and omissions of Dr. Turner. The United States further admits that Dr. Turner is a deemed federal employee who was acting within the scope of his federal employment at the time of the alleged incident giving rise to the Amended Complaint. The United States denies that it or its deemed employees or agents were negligent; to the contrary, they acted in accordance with the applicable standard of care and did not cause injuries or damages to plaintiffs as alleged. The United States further denies any legal conclusions regarding Dr. Turner's actual or apparent agency.

32. Denies. Unless otherwise specified, the United States specifically denies any of the alleged actions or omissions of Dr. Turner to the extent the plaintiffs' allegations deviate from the medical records. The United States further denies any legal conclusion regarding Dr. Turner's actual or apparent agency.

33. Denies the allegations in this paragraph as legal conclusions to which no response is required. The United States nevertheless denies that it or its deemed employees or agents were negligent; to the contrary, they acted in accordance with the applicable standard of care and did not cause injuries or damages to plaintiffs as alleged.

34. Admits in part and denies in part. The United States admits only that Exhibit 1 to the Amended Complaint purports to be a Certificate of Merit regarding Dr. Turner's care of Mrs.

Lopez DaSilva. The United States denies the content of the Certificate of Merit and the legal conclusions it draws.

35. Admits in part and denies in part. The United States admits that Temple University Hospital, Inc.'s principal place of business, Temple University Hospital, is located at 3401 North Broad Street, Philadelphia, PA 19140. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the remaining allegations of this paragraph and therefore denies them.

36–38. Admits in part and denies in part. The United States admits that plaintiffs have brought claims against Temple University Hospital, Inc. as set out in their Amended Complaint.[2] The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the remaining allegations of Paragraphs 36 through 38 and therefore denies them.

39. Admits in part and denies in part. The United States admits that plaintiffs have brought claims against Temple University Health System, Inc. as set out in their Amended Complaint. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the remaining allegations of this paragraph and therefore denies them.

40–42. Admits in part and denies in part. The United States admits that plaintiffs have brought claims against Temple University Health System, Inc. as set out in their Amended Complaint. The United States lacks knowledge or information sufficient to form a reasonable

---

[2] The United States notes that the Temple Defendants are identified differently in the case caption than in the body of the Amended Complaint. This Answer responds to the paragraphed allegations in the Amended Complaint only.

belief as to the truth or falsity of the remaining allegations of Paragraphs 40 through 42 and therefore denies them.

43. Admits in part and denies in part. The United States admits that plaintiffs have brought claims against Temple University Hospital Department of Obstetrics & Gynecology as set out in their Amended Complaint. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the remaining allegations of this paragraph and therefore denies them.

44–45. Admits in part and denies in part. The United States admits that plaintiffs have brought claims against Temple University Hospital Department of Obstetrics & Gynecology as set out in their Amended Complaint. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the remaining allegations of Paragraphs 44 through 45 and therefore denies them.

46–48. Admits in part and denies in part. The United States admits that plaintiffs have brought claims against Samantha Jagannathan, M.D. as set out in their Amended Complaint. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the remaining allegations of Paragraphs 46 through 48 and therefore denies them.

49–51. Admits in part and denies in part. The United States admits that plaintiffs have brought claims against Sarah Martin, M.D. as set out in their Amended Complaint. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the remaining allegations of Paragraphs 49 through 51 and therefore denies them.

52–53. Admits in part and denies in part. The United States admits that plaintiffs have brought claims against Micaela Fernandes, R.N. as set out in their Amended Complaint. The

United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the remaining allegations of Paragraphs 52 through 53 and therefore denies them.

54. Denies as stated. The information relating to Mrs. Lopez DaSilva's and J.D's diagnoses, treatments, and conditions is contained in the medical records, which are in writing and speak for themselves. The United States denies the allegations of this paragraph to the extent that they deviate from the medical records.

55. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations in this paragraph and therefore denies them. By way of further response, the United States denies the content of the Certificate of Merit and the legal conclusions it draws.

## FACTUAL ALLEGATIONS

56. The United States incorporates the preceding paragraphs as though set forth at length here.

57–92. Denies as stated. The information relating to Mrs. Lopez DaSilva's and J.D.'s diagnoses, treatments, and conditions is contained in the medical records, which are in writing and speak for themselves. The United States denies the allegations of Paragraphs 57 through 92 to the extent they deviate from the medical records.

93. Denies the allegations in Paragraph 93 as legal conclusions to which no response is required. The United States nevertheless denies that it or its deemed employees or agents were negligent; to the contrary, they acted in accordance with the applicable standard of care and did not cause injuries or damages to plaintiffs as alleged. The United States further lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of whether any other

defendants or the plaintiffs themselves acted negligently and therefore denies the remaining allegations of this paragraph.

94–96. Denies. The information relating to J.D.'s diagnoses, treatments, and conditions is contained in the medical records, which are in writing and speak for themselves. The United States denies the allegations of Paragraphs 94 through 96 to the extent they deviate from the medical records. The United States further denies the remaining allegations of Paragraphs 94 through 96 as conclusions of law to which no response is required. The United States nevertheless denies that it or its deemed employees or agents were negligent; to the contrary, they acted in accordance with the applicable standard of care and did not cause injuries or damages to plaintiffs as alleged. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of whether any other defendants or the plaintiffs themselves acted negligently and also denies the remaining allegations of Paragraphs 94 through 96 on this basis.

97–98. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations in this paragraph and therefore denies them. The United States further denies the allegations of this paragraph as conclusions of law to which no response is required. The United States nevertheless denies that it or its deemed employees or agents were negligent; to the contrary, they acted in accordance with the applicable standard of care and did not cause injuries or damages to plaintiffs as alleged.

## THE CAUSES OF ACTION AND CLAIMS

### COUNT I – NEGLIGENCE
### PLAINTIFFS v. UNITED STATES

99. The United States incorporates the preceding paragraphs as though set forth at length here.

100. Admits in part and denies in part. The United States admits only that Dr. Turner is a deemed federal employee who was acting within the scope of his federal employment at the time of the alleged incident giving rise to the Amended Complaint. The United States further denies any legal conclusion regarding Dr. Turner's actual or apparent agency.

101. Denies the allegations of this paragraph as conclusions of law to which no response is required. The United States specifically denies that it or its deemed employees or agents were negligent; to the contrary, they acted in accordance with the applicable standard of care and did not cause injuries or damages to plaintiffs as alleged.

102–104. Denies the allegations of Paragraphs 102 through 104 as conclusions of law to which no response is required. To the extent that a response is required, the United States denies them.

105–113. Denies the allegations of Paragraphs 105 through 113 as conclusions of law to which no response is required. To the extent that a response is required, the United States denies that it or its deemed employees or agents were negligent; to the contrary, they acted in accordance with the applicable standard of care and did not cause injuries or damages to plaintiffs as alleged.

The averments following Paragraph 113 and contained in the paragraph beginning "WHEREFORE" are the plaintiffs' prayer for relief and therefore require no response.

**COUNT II – NEGLIGENCE**
**PLAINTIFFS v. SAMANTHA JAGANNATHAN, M.D., AND SARAH MARTIN, M.D.**

114–128. The allegations and "Wherefore" clause of Count II are directed to defendants other than the United States and, therefore, no responsive pleading is required.

## COUNT III – NEGLIGENCE
## PLAINTIFFS v. MICAELA FERNANDES, R.N.

129–142.     The allegations and "Wherefore" clause of Count III are directed to defendants other than the United States and, therefore, no responsive pleading is required.

## COUNT IV – VICARIOUS LIABILITY
## PLAINTIFFS v. TEMPLE UNIVERSITY HOSPITAL INC. A/K/A D/B/A TEMPLE UNIVERSITY HOSPITAL, TEMPLE UNIVSERITY HEALTH SYSTEM, INC., AND TEMPLE UNIVERSITY HOSPITAL DEPARTMENT OF OBSTETRICS, GYNECOLOGY

143–154.     The allegations and "Wherefore" clause of Count IV are directed to defendants other than the United States and, therefore, no responsive pleading is required.

## COUNT V – CORPORATE NEGLIGENCE
## PLAINTIFFS v. TEMPLE UNIVERSITY HOSPITAL INC. A/K/A D/B/A TEMPLE UNIVERSITY HOSPITAL, TEMPLE UNIVERSITY HEALTH SYSTEM, INC., AND TEMPLE UNIVERSITY HOSPITAL DEPARTMENT OF OBSTETRICS, GYNECOLOGY

155–163.     The allegations and "Wherefore" clause of Count V are directed to defendants other than the United States and, therefore, no responsive pleading is required.

## COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## PLAINTIFFS v. ALL DEFENDANTS

164.    The United States incorporates the preceding paragraphs as though set forth at length here.

165–167.     Denies. The United States denies that it or its deemed employees or agents were negligent; to the contrary, they acted in accordance with the applicable standard of care and did not cause injuries or damages to plaintiffs as alleged. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the remaining allegations of Paragraphs 165 through 167 and therefore denies them.

The averments following Paragraph 167 and contained in the paragraph beginning "WHEREFORE" are the plaintiffs' prayer for relief and therefore require no response. The United States specifically denies that, should plaintiffs obtain a judgment against the United States, which admits no liability, they are entitled to any prejudgment interest. To the contrary, plaintiffs are barred under 28 U.S.C. § 2674 from collecting any prejudgment interest from the United States.

The United States denies each averment of the Amended Complaint that is directed against the United States and that has not otherwise been admitted, denied, or qualified in this Answer. The United States further denies that the plaintiffs are entitled to any relief whatsoever against the United States.

## **AFFIRMATIVE DEFENSES**

1. The Amended Complaint, and plaintiffs' causes of action and recovery of damages, are subject to and limited by the FTCA, 28 U.S.C. §§ 1346(b), 2671 *et seq*.

2. Plaintiffs' own negligence, carelessness, or recklessness solely and proximately caused any injuries, damages, and losses that they sustained.

3. The alleged injuries suffered by plaintiffs were not caused by any negligent or wrongful act or omission of the United States or any of its employees or agents.

4. Defendant United States and its employees and agents did not breach any applicable standard of care in a way that increased a risk of harm to plaintiffs.

5. Neither acts or omissions of defendant United States, nor those of any of its employees or agents, were a substantial factor in causing—or a substantial cause of—any injury or less that plaintiffs may have sustained.

6. In the event that the Court finds defendant United States negligent, notwithstanding the United States' specific denial of negligence, such negligence is not the cause in fact or proximate/legal cause of injuries that plaintiffs allegedly sustained and therefore plaintiffs are barred from recovery.

7. Plaintiffs' injuries, damages, and losses, if any, are due to their own negligence and carelessness that were greater than any negligence or carelessness of defendant United States (which denies any negligence or carelessness), and plaintiffs are therefore barred from recovery against the United States, in whole or in part, under Pennsylvania's comparative negligence statute, 42 P.S. § 7102. To the extent that plaintiffs were negligent to a lesser degree, the Court should reduce their damages by the degree to which they were negligent.

8. Discovery in this case may reveal that all of some of plaintiffs' injuries are non-actionable under the FTCA because they were pre-existing or would have occurred independently without regard to any negligence by the United States.

9. Plaintiffs' injuries, damages, and losses, if any, were solely and proximately caused by the negligence, carelessness, or recklessness of one or more third parties not under the control of the United States and for whom the United States lacks any liability under the FTCA.

10. Plaintiffs' recovery is limited to the extent that they failed to mitigate their damages. Records indicate that J.D. has done well developmentally. To the extent that his condition has deteriorated, the deterioration is due to events outside the United States' control. In addition, the care provided to Mrs. Lopez DaSilva may have been limited due to her own decisions, which may have contributed to plaintiffs' alleged damages.

11. Should plaintiffs obtain a judgment against defendant United States, which admits no liability, they are barred under 28 U.S.C. § 2674 from collecting any prejudgment interest from the United States.

12. The United States has discharged any duties it may have owed to the plaintiffs.

13. Plaintiffs are not entitled to a jury trial against the United States. 28 U.S.C. § 2402.

14. To the extent that plaintiffs are entitled to recover damages from defendant the United States in this action, the United States is entitled to a setoff, credit, or reduction for any payment of non-collateral source benefits (paid or payable, available to or paid on behalf of the plaintiffs), to the extent allowed under federal and State common and statutory law. *See, e.g.*, 40 Pa. C.S. § 1303.101, *et seq.*

15. If plaintiffs can prove negligence, they may recover only those medical expenses that are allowable under Pennsylvania law.

16. Pursuant to 28 U.S.C. § 2675(b), plaintiffs are prohibited from claiming or recovering an amount against the United States in excess of that set forth in an administrative claim validly presented to the United States.

17. Plaintiffs' suit is limited to the set of facts set forth in their administrative tort claim(s).

18. Defendant United States is not liable for punitive damages. 28 U.S.C. § 2674.

19. Attorney's fees must be taken from any judgment or settlement and are limited to 25% of such judgment or settlement. 28 U.S.C. § 2678. Any attempt to collect attorney's fees in excess of what is permitted under the FTCA could result in a criminal referral.

Defendant the United States of America preserves—and reserves the right timely to assert—any additional affirmative defenses that are not known to it at this time, but that may be ascertained through discovery and further investigation.

WHEREFORE, answering defendant United States of America respectfully requests that the Court dismiss with prejudice plaintiffs' claims against the United States, award costs to the United States, and direct entry of judgment in the United States' favor.

## CROSS-CLAIM AGAINST TEMPLE DEFENDANTS

Defendant United States, appearing as cross-claimant, files its cross-claim against the Temple Defendants and avers as follows:

1. The United States incorporates by reference as if fully stated here plaintiffs' Amended Complaint and the United States' answer and affirmative defenses to plaintiffs' Amended Complaint.

2. Plaintiffs allege in this action that their injuries were caused by the negligent actions and omissions of the Temple Defendants, and each of them, and of Dr. Turner.

3. The United States denies any allegations of negligence on the part of Dr. Turner or DVCH as well as plaintiffs' allegations of injury and damages. If, however, plaintiffs prove such allegations at trial, then the United States avers that any injuries and damages were caused, in whole or in part, by the Temple Defendants, for which the United States is not liable.

4. Should plaintiffs prove at trial that their alleged injuries and damages were caused, in whole or in part, by the Temple Defendants, the Temple Defendants are liable to the United States for any damages awarded against the United States.

WHEREFORE, the United States demands judgment in its favor, but in the event that the trier of fact finds that Dr. Turner was negligent as plaintiffs allege, the United States respectfully

requests the Court: (1) to enter judgment in the United States' favor and against the Temple Defendants and adjudge the Temple Defendants jointly and severally liable with the United States for any sums that plaintiffs may recover against the United States; (2) to award contribution to the United States in an amount to be adjudged by the Court; (3) in the alternative, to order the Temple Defendants to indemnify the United States; and (4) to award the United States its fees and costs.

Dated:  July 22, 2021             Respectfully submitted,

                                  JENNIFER ARBITTIER WILLIAMS
                                  Acting United States Attorney

                                  */s/ Susan R. Becker for*
                                  GREGORY B. DAVID
                                  Assistant United States Attorney
                                  Chief, Civil Division

                                  */s/ Elizabeth L. Coyne*
                                  COLIN M. CHERICO
                                  ELIZABETH L. COYNE
                                  Assistant United States Attorneys
                                  615 Chestnut Street, Suite 1250
                                  Philadelphia, PA 19106
                                  Tel:   (215) 861-8788/8447
                                  Fax:   (215) 861-8618
                                  Email: colin.cherico@usdoj.gov
                                         elizabeth.coyne@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on this date, I filed the foregoing Answer with Affirmative Defenses and Cross-Claim with the Court and served a copy by ECF upon the following:

| | |
|---|---|
| Joseph L. Messa, Jr., Esquire<br>Megan M. Kwak, Esquire<br>MESSA & ASSOCIATES, P.C.<br>123 South 22nd Street<br>Philadelphia, PA 19103<br><br>*Counsel for Plaintiffs* | James A. Young, Esquire<br>Richard S. Margulies, Esquire<br>BURNS WHITE LLC<br>1880 JFK Boulevard, 10th Floor<br>Philadelphia, PA 19103<br><br>*Counsel for the Temple Defendants* |

Dated: July 22, 2021

*/s/ Elizabeth L. Coyne*
ELIZABETH L. COYNE
Assistant United States Attorney