# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.D., by and through his parents and legal guardians, ANDREZA LOPEZ DASILVA and JOSE DASILVA<br><br>   Plaintiffs,<br><br> vs.<br><br>TEMPLE UNIVERSITY HOSPITAL, INC., a/k/a d/b/a TEMPLE UNIVERSITY HEALTH SYSTEM, INC.; TEMPLE UNIVERSITY DEPARTMENT OF OBSTETRICS, GYNECOLOGY; SAMANTHA JAGANNATHAN, M.D.; SARAH MARTIN, M.D.; AND MICAELA FERNANDES, R.N.; AND UNITED STATES OF AMERICA<br><br>   Defendants. | : : : : : : : : : : : : : : : : : : : : | CIVIL ACTION<br>NO. 20-1395-ER |

## ORDER

AND NOW THIS ____ day of _____, 2022, upon consideration of the United States' motion to compel, it is HEREBY ORDERED that the motion is granted. The Plaintiffs are COMPELLED to:

(1) Respond fully to the United States' interrogatories and requests for document production, as required by the Federal Rules of Civil Procedure;

(2) Produce Mrs. and Mr. DaSilva for depositions on March 9 and 15, 2022, at the U.S. Attorney's Office located at 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106; and

(3) Sign authorizations for the release of relevant records, to be subpoenaed by third-parties, and provide identifying information for those third-parties where necessary.

BY THE COURT:

_____
HONORABLE EDUARDO C. ROBRENO
Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.D., by and through his parents and legal guardians, ANDREZA LOPEZ DASILVA and JOSE DASILVA<br><br>      Plaintiffs,<br><br>  vs.<br><br>TEMPLE UNIVERSITY HOSPITAL, INC., a/k/a d/b/a TEMPLE UNIVERSITY HEALTH SYSTEM, INC.; TEMPLE UNIVERSITY DEPARTMENT OF OBSTETRICS, GYNECOLOGY; SAMANTHA JAGANNATHAN, M.D.; SARAH MARTIN, M.D.; AND MICAELA FERNANDES, R.N.; AND UNITED STATES OF AMERICA<br><br>      Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br>NO. 20-1395-ER |

## DEFENDANT UNITED STATES' MOTION TO COMPEL DISCOVERY

Defendant, United States of America, hereby seeks an order compelling the plaintiffs to: (1) provide full responses to the interrogatories and requests for production served on them on October 22, 2021; (2) produce plaintiffs Andreza Lopez DaSilva and Jose DaSilva for depositions on March 9 and 15, 2022, respectively, at the U.S. Attorney's Office located at 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106; and (3) provide information sufficient for the United States to subpoena the plaintiffs' relevant medical, education, and government records. The bases for this motion are set forth in the accompanying memorandum of law.

Dated:  February 23, 2022

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
United States Attorney

/s/ Susan R. Becker for
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

*/s/ Elizabeth L. Coyne*
COLIN M. CHERICO
ELIZABETH L. COYNE
Assistant United States Attorneys
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Tel: (215) 861-8788/8447
Fax: (215) 861-8618
Email: colin.cherico@usdoj.gov
elizabeth.coyne@usdoj.gov

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.D., by and through his parents and legal guardians, ANDREZA LOPEZ DASILVA and JOSE DASILVA | : : : : | |
| Plaintiffs, | : : : | |
| vs. | : : | CIVIL ACTION NO. 20-1395-ER |
| TEMPLE UNIVERSITY HOSPITAL, INC., a/k/a d/b/a TEMPLE UNIVERSITY HEALTH SYSTEM, INC.; TEMPLE UNIVERSITY DEPARTMENT OF OBSTETRICS, GYNECOLOGY; SAMANTHA JAGANNATHAN, M.D.; SARAH MARTIN, M.D.; AND MICAELA FERNANDES, R.N.; AND UNITED STATES OF AMERICA | : : : : : : : : : | |
| Defendants. | : : : | |

**DEFENDANT UNITED STATES' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

Defendant, United States of America, moves the Court pursuant to Federal Rule of Civil Procedure 37 and Local Rule of Civil Procedure 26.1(g) for an Order compelling the plaintiffs to: (1) provide full responses to the interrogatories and requests for production served on them on October 22, 2021; (2) produce plaintiffs Andreza Lopez DaSilva and Jose DaSilva for depositions on March 9 and 15, 2022, respectively, at the U.S. Attorney's Office located at 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106; and (3) provide information sufficient for the United States to subpoena the plaintiffs' relevant medical, education, and government records.

**I.     Procedural Background**

The plaintiffs filed their first complaint in this matter in the Philadelphia Court of Common Pleas on May 16, 2019. The United States removed the case to federal court because

one of the then-named defendants, Dr. Clinton A. Turner, was a deemed federal employee acting within the scope of his employment at the time of the alleged events. *See* Notice of Removal, *Da Silva v. Temple Univ. Hosp., Inc. et al.*, No. 2:19-cv-411, ECF 1 (E.D. Pa. Sept. 9, 2019), at Ex. 1. Upon learning that their claim against Dr. Turner was governed by the Federal Tort Claims Act, the plaintiffs voluntarily dismissed the action so they could pursue administrative remedies against the United States. *See* 28 U.S.C. § 2675(a); Order Granting Plaintiffs' Mot. for Voluntary Dismissal, *Da Silva v. Temple Univ. Hosp., Inc. et al.*, No. 2:19-cv-411, ECF 5 (E.D. Pa. Oct. 25, 2019).

The plaintiffs then sued only the Temple Defendants in the Philadelphia Court of Common Pleas on December 18, 2019. *See* Notice of Removal (ECF 1) at Ex. 1. The Temple Defendants filed a joinder complaint against Dr. Turner and the United States removed the case to federal court. *Id.* The United States then moved to stay the case until the plaintiffs exhausted their administrative remedies. *See* Mot. to Substitute and Stay (ECF 5). Although the plaintiffs could have brought a direct claim against the United States at any time after April 10, 2020, when their administrative claim was denied, they waited until October 19, 2020 to file for reconsideration. On June 2, 2021, having not received a decision on their request for reconsideration, the plaintiffs moved for leave to amend their complaint to assert claims against the United States of America. *See* Status Report (ECF 32); Mot. for Leave to Amend Compl. (ECF 33).

The Amended Complaint was filed on June 30, 2021 (ECF 36), and the United States answered on July 22, 2021 (ECF 38). The parties exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on August 16, 2021, and engaged in a Rule 16 conference with the Court on August 17, 2021. In an ensuing Order, the Court set a fact

discovery deadline of March 7, 2022, and an expert discovery deadline of July 22, 2022. *See* Scheduling Order (ECF 44). As the close of fact discovery approaches, the United States has not received much of the discovery it has requested and is entitled to under applicable Rules.

II.   **Argument**

    A.   **Plaintiffs should provide coherent written discovery responses pursuant to the requirements of Federal Rules of Civil Procedure 33 and 34.**

To date, the plaintiffs have failed to respond to the United States' interrogatories and document requests, which were served on October 22, 2021. *See* United States' Discovery Requests, attached hereto as Exhibit A. The responses were due on or before December 21, 2021.[1]

On December 7, 2021, the plaintiffs responded to the Temple Defendants' interrogatories and document requests. Their responses included a cover letter addressed to Temple's counsel which stated that "Plaintiffs intend these discovery answers to be responsive to all discovery served in this matter to avoid duplicative responses." *See* Plaintiffs' Responses to Temple Defendants' Discovery Requests, attached hereto as Exhibit B, at 1; *see also* Temple Defendants' Discovery Requests, attached hereto as Exhibit C. Counsel for the United States were copied on that correspondence but did not understand that the plaintiffs intended for their responses to encompass both the Temple Defendants' and the United States' discovery requests.

On January 13, 2022, counsel for the United States emailed plaintiffs' counsel to inquire about plaintiffs' failure to provide discovery responses. *See* Email from C. Cherico to M. Kwak dated Jan. 13, 2022, attached hereto as Exhibit D. In a letter dated January 17, 2022, plaintiffs' counsel again stated that the plaintiffs' responses to the Temple Defendants were intended "to be

---

[1] The parties agreed amongst themselves that written discovery responses would be due within sixty days of service of the interrogatories and/or document requests.

3

responsive to all discovery served in this matter to avoid duplicative responses." *See* Ltr. from J. Messa dated Jan. 17, 2022, attached hereto as Exhibit E. Counsel for the United States then called plaintiffs' counsel on the phone on January 21, 2022 for clarification. Plaintiffs' counsel said that the United States should review the discovery responses aimed at the Temple Defendants and then let plaintiffs' counsel know which of the United States' interrogatories and document requests remained outstanding.

      The Federal Rules of Civil Procedure require the plaintiffs to either object or else answer each interrogatory posed to them "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Similarly, the plaintiffs must respond in writing to each item or category requesting the production of documents. *See* Fed. R. Civ. P. 24(b)(2)(A)–(B). "Where a party fails to answer an interrogatory or provides an evasive or incomplete answer, the interrogating party may bring a motion to compel a sufficient answer." *Dockery v. Heretick*, No. CV 17-4114, 2012 WL 268497, at *2 (E.D. Pa. Jan 27, 2021) (Strawbridge, M.J.); *see also* Fed. R. Civ. P. 37(a)(3)(B)(iii), (a)(4) ("[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."). The Rules therefore do not permit the plaintiffs to satisfy their discovery obligations to one defendant—the United States—by answering only the discovery requests of the other defendants—the Temple Defendants. The United States objects to the manner in which the plaintiffs chose to respond to written discovery in this case.

      In the interests of efficiency and comity, however, the United States did attempt to follow the improper procedure espoused by plaintiffs' counsel. Upon closer review of the plaintiffs' responses to the Temple Defendants' discovery, the United States is unable to determine which of its interrogatories and document requests remain unanswered. This is because the discovery responses are incoherent and untethered to the Temple Defendants' paragraphed requests. The

responses list only the plaintiffs' answers,[2] and do not paste the questions above them for reference. Further, the United States in unable to match the answers with the appropriate questions because the numbering is different. For example:

- On August 27, 2021, Temple submitted 16 paragraphs of document requests. On October 22, 2021, the United States submitted 23 paragraphs of document requests. Plaintiffs have only 2 paragraphs in their responses to the document requests.

- On September 8, 2021, Temple submitted 11 interrogatories to plaintiffs Andreza and Jose DaSilva. Plaintiffs responded in 39 numbered paragraphs.

- Temple submitted 10 interrogatories to minor plaintiff J.D. Plaintiffs responded in 32 numbered paragraphs.

- Temple submitted 5 medical expense interrogatories. Plaintiffs responded in 15 paragraphs.

- Plaintiffs also sent 12 paragraphs of responses to Temple's Corporate Negligence interrogatories, but the United States has no record of the Temple Defendants serving any "Corporate Negligence" interrogatories on the plaintiffs.

*See* Ex. A, USA's Requests; Ex. B, Temple Defendants' Requests; Ex. C, Pls.' Responses.[3]

Without corresponding numbers or questions transcribed above the answers, it is impossible to determine how the plaintiffs have responded to the Temple Defendants' discovery requests. It is therefore unclear whether the United States' inquiries have been addressed.

The United States raised these deficiencies in a letter to plaintiffs' counsel dated January 28, 2022. *See* Ltr. from E. Coyne dated Jan. 28, 2022, attached hereto as Exhibit F. The plaintiffs did not respond and did not remedy their discovery responses. The United States therefore

---

[2] The plaintiffs' discovery responses also bear incorrect state-court captions and the interrogatory responses are not verified by the plaintiffs, as required by Rule 33(b)(5).
[3] The United States does not take issue with the plaintiffs' responses to the Temple Defendant's expert interrogatory.

5

respectfully requests the Court compel the plaintiffs to comply with Rules 33 and 34 by providing complete, coherent, and verified responses to the United States' discovery requests.

### B.   Plaintiffs should be compelled to appear for depositions in this matter.

On December 20, 2021, amid email correspondence about scheduling Dr. Turner's deposition, counsel for the United States asked plaintiffs' counsel for available dates in February 2022 to depose the plaintiffs. *See* Email from C. Cherico to Pls.' Counsel dated Dec. 20, 2021, attached hereto as Exhibit G. Plaintiffs' counsel did not respond. Counsel for the United States again emailed plaintiffs' counsel on January 7, 2022 to inquire about dates to depose the plaintiffs. *See* Email from C. Cherico to M. Kwak dated Jan. 7, 2022, attached hereto as Exhibit H. Plaintiffs' counsel did not respond. On January 13, 2022, the United States sent notices of deposition for Mr. and Mrs. DaSilva to plaintiffs' counsel. *See* Email from D. Wilkins to Pls.' Counsel with NODs dated Jan. 13, 2022, attached hereto as Exhibit I. Mrs. Lopez DaSilva's deposition was scheduled for February 8, 2022, and Mr. DaSilva's deposition was scheduled for February 17, 2022. Plaintiffs' counsel again did not respond.

On January 27, 2022, counsel for the United States contacted plaintiffs' counsel to confirm that Mrs. Lopez DaSilva would appear for her deposition scheduled for February 8, 2022. Plaintiffs' counsel responded that they were unavailable and did not provide any future dates of availability.[4] *See* Emails between C. Cherico and M. Kwak dated Jan. 27, 2022, attached

---

[4] In this correspondence, after repeatedly not responding to the United States' requests for dates *and* offers of dates for Dr. Turner to be deposed, plaintiffs' counsel expressed that they had scheduling constraints during February and March and asked defense counsel to agree to a joint request to extend discovery by sixty (60) days. Indeed, as of the date of this filing, the plaintiffs have not deposed Dr. Turner despite repeated emails from the United States' counsel sharing his availability, and have not sought to depose any of the Temple Defendants. While the United States is sensitive to the scheduling constraints that plaintiffs and/or their counsel face, it will not jointly request a sixty-day extension when the United States has diligently and persistently sought to move discovery along in this case.

hereto as Exhibit J. On February 10, 2022, counsel for the United States contacted plaintiffs' counsel to confirm that Mr. DaSilva would appear for his scheduled deposition on February 17, 2022. Plaintiffs' counsel responded that they were unavailable and did not provide any future dates of availability. *See* Emails between E. Coyne and M. Kwak dated Feb 10, 2022, attached hereto as Exhibit K.

With the exception of certain circumstances not applicable here, "[a] party may, by oral questions, depose any person, including a party, without leave of court." Fed. R. Civ. P. 30(a)(1). "A plaintiff is required to prove his or her case, 'as well as give the defendant an opportunity to prepare against it.'" *Brown v. United States*, No. CV 17-1551, 2019 WL 764429, at *4 (E.D. Pa. Feb. 21, 2019) (quoting *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988)), *aff'd*, 823 F. App'x 97 (3d Cir. 2020). When, as here, the plaintiff fails to submit to a deposition, it prevents defendants like the United States "from developing and implementing their trial strategy." *Preston v. MR Scrap*, No. 16-2612, 2017 WL 4222935, at *2 (E.D. Pa. Sept. 22, 2017). Mr. and Mrs. DaSilva's inability to appear for depositions is hindering the United States from adequately defending against plaintiffs' claims. They and their counsel have never offered any alternate dates of availability. The Court, therefore, should compel Mrs. and Mr. DaSilva to appear for depositions on March 9 and 15, 2022, respectively, at the United States Attorney's Office or some other mutually agreeable location.[5]

---

[5] The United States acknowledges that these dates fall after the Court's deadline for fact discovery, which is March 7, 2022. The United States respectfully requests an enlargement of the fact discovery period sufficient to allow the United States to complete the discovery it has diligently pursued. Further, Mr. and Mrs. DaSilva will require a Portuguese interpreter in order to understand and respond to deposition questions. The United States is prepared to engage such an interpreter, provided the plaintiffs give enough advanced notice to allow the United States to schedule him/her.

### C. Plaintiffs must provide sufficient details for and sign authorizations for the United States to subpoena relevant medical, educational, and government records from third parties.

The plaintiffs have also refused to sign all but one authorization for relevant third-party records. The United States sent authorization forms to the plaintiffs with its discovery requests on October 22, 2021. The forms sought the plaintiffs' signatures to release their medical records, education records, records from the Pennsylvania Department of Human Services, and records from the Social Security Administration. The purpose of these forms is for the plaintiffs to consent, in writing, to the release of their confidential information, which is relevant and necessary to understand the circumstances they have put at issue in this case. The signed authorizations will accompany any subpoenas to third parties for such records. Because retrieval of these records can be a lengthy process, particularly during the Covid-19 pandemic, the United States asked the plaintiffs to sign and return them as soon as possible. Plaintiffs did not return any signed authorizations and the United States inquired about their status by phone on January 21, 2022.

On January 27, 2022, plaintiffs' counsel responded by letter with a signed authorization for minor plaintiff J.D.'s records from the Social Security Administration. Plaintiffs' counsel represented in his letter that J.D. "does not attend school so the authorization to release his educational records is not applicable at this time." Plaintiffs' counsel also refused to allow plaintiffs to execute a "blank authorization" for J.D.'s medical records without delineating the specific medical providers the authorizations were directed to. Finally, plaintiffs' counsel refused to provide authorizations for the release of Mr. and Mrs. DaSilva's medical information, education records, PA Department of Human Services records, and Social Security records because "this information is not applicable, irrelevant and not reasonably calculated to lead to

8

discoverable information in this matter." *See* Ltr. from J. Messa dated Jan. 27, 2022, attached hereto as Exhibit L. The United States now seeks to compel the plaintiffs to sign these authorizations.

Federal Rule of Civil Procedure 26(b)(1) allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Relevance in this context is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Regarding J.D.'s records, the United States concedes that it would be most appropriate to prepare authorizations targeted to J.D.'s specific healthcare providers. However, without written discovery responses or any deposition testimony, the United States is unable to glean who those providers might be. The United States told the plaintiffs this in an email on February 21, 2022, to no response. *See* Email from E. Coyne to Pls.' Counsel dated Jan. 21, 2022, attached hereto as Exhibit M.

J.D.'s medical and developmental treatment since he was born are highly relevant to this case. The United States is preparing an authorization for the release of J.D.'s records from providers in the St. Christopher's Hospital network, to the extent those records have not already been produced. However, the United States respectfully requests an Order compelling the plaintiffs to disclose any other healthcare providers who have treated J.D. since he was born, and compelling the plaintiffs to sign any related authorizations, so that the United States may timely seek production of those records.

Similarly, the United States knows little, other than plaintiffs' counsel's assertion in his January 27, 2022 letter, about J.D.'s education and development. To the extent J.D. has been

treated or assessed by any educators or early intervention providers, the United States respectfully requests an Order compelling the plaintiffs to disclose the identity of those providers and sign related authorizations for the release of any applicable records.

Finally, plaintiffs' counsel is incorrect in asserting that Mr. and Mrs. DaSilva's medical history, educational records, and PA Department of Human Services and Social Security Administration records are irrelevant to this case. The case involves alleged negligence during Mrs. DaSilva's delivery that allegedly caused permanent injuries and lifelong damage to J.D. His biological parents' medical histories, including records related to Mrs. DaSilva's previous pregnancies, could reveal information that sheds light on the allegations surrounding J.D.'s birth. Mr. and Mrs. DaSilva have also put their own physical and emotional health at issue by asserting claims for negligent infliction of emotional distress. *See, e.g.*, Am. Compl. (ECF 36) ¶¶ 166–167 (alleging Mr. and Mrs. DaSilva have suffered "a severe and permanent emotional injury," which continues to cause them financial harm); *see also Katz v. Nat'l Board of Med. Examiners*, No. 3:15-CV-01187, 2016 WL 2744823, at *3–4 (M.D. Pa. May 10, 2016) (Saporito, M.J.) (compelling plaintiff to sign authorizations for release of his medical, psychiatric, education, and work files because he put his mental health and employment prospects at issue). Likewise, their educational histories and records from the Department of Human Services and Social Security are relevant to calculate their economic loss as well as the loss of future earnings for J.D.

The United States therefore requests that the Court compel the plaintiffs to sign the third-party authorizations in a timely fashion.

### III. Conclusion

For the foregoing reasons, the United States respectfully requests that the Court enter an Order compelling the plaintiffs to: (1) provide full responses to the interrogatories and requests

for production served on them on October 22, 2021; (2) produce plaintiffs Andreza Lopez DaSilva and Jose DaSilva for depositions on March 9 and 15, 2022, respectively, at the U.S. Attorney's Office located at 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106; and (3) provide information sufficient for the United States to subpoena the plaintiffs' relevant medical, education, and government records.

Dated:  February 23, 2022                    Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
United States Attorney

*/s/ Susan R. Becker for*
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

*/s/ Elizabeth L. Coyne*
COLIN M. CHERICO
ELIZABETH L. COYNE
Assistant United States Attorneys
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Tel:    (215) 861-8788/8447
Fax:    (215) 861-8618
Email: colin.cherico@usdoj.gov
            elizabeth.coyne@usdoj.gov

**CERTIFICATION UNDER LOCAL RULE 26.1(f)**

I hereby certify that after numerous attempts, as described in detail in the Motion to Compel, and again by email dated February 21, 2022, the parties are unable to resolve the discovery disputes presented in the motion.

Dated: February 23, 2022                                  */s/ Elizabeth L. Coyne*
                                                             ELIZABETH L. COYNE
                                                             Assistant United States Attorney

## CERTIFICATE OF SERVICE

      I certify that on this date, I filed the foregoing Motion to Compel and supporting documentation with the Court and served a copy by ECF upon the following:

| | |
|---|---|
| Joseph L. Messa, Jr., Esquire<br>Megan M. Kwak, Esquire<br>MESSA & ASSOCIATES, P.C.<br>123 South 22nd Street<br>Philadelphia, PA 19103<br><br>*Counsel for Plaintiffs* | James A. Young, Esquire<br>Richard S. Margulies, Esquire<br>BURNS WHITE LLC<br>1880 JFK Boulevard, 10th Floor<br>Philadelphia, PA 19103<br><br>*Counsel for the Temple Defendants* |

Dated: February 23, 2022

                                            */s/ Elizabeth L. Coyne*
                                            ELIZABETH L. COYNE
                                            Assistant United States Attorney