IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DA SILVA et al. | : | CIVIL ACTION |
| | : | NO. 20-01395 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| TEMPLE UNIVERSITY HOSPITAL, | : | |
| INC. et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                        DECEMBER 15, 2022

## I.    INTRODUCTION

Before the Court is Defendants' Joint Motion to Dismiss Plaintiffs' Complaint for Failure to Prosecute (ECF No. 54), Plaintiffs' Response in Opposition (ECF No. 55), United States' Motion for Leave to File a Reply Brief (ECF No. 56), and Temple University Defendants' Motion for Leave to File a Reply Brief (ECF No. 57). Defendants seek dismissal of this case because of Plaintiffs' repeated and prolonged inability or refusal to participate in discovery. Defendants point to numerous emails showing their attempts to depose Plaintiffs in this case. Plaintiffs' counsel does not oppose the Motion on the merits. Plaintiffs' counsel instead notes that he has had difficulty communicating with his clients and procuring their availability for depositions and an independent medical examination.

1

Plaintiffs' counsel only requests that, if the case must be dismissed, it be dismissed without prejudice so that Plaintiffs' minor child, whose injuries are the subject of this lawsuit, may have another opportunity to prosecute this case within the statute of limitations.

Although the Court recognizes that Plaintiffs' apparent language barrier has caused them some difficulty in maintaining the case, their language barrier is not the alleged cause of the delay. Thus, given the parties' agreement on, and the ample record demonstrating Plaintiffs' failure to prosecute the case by means of their failure or refusal to be deposed and submit their child for an independent medical examination, Defendants' Motion to Dismiss is granted.

## II.  BACKGROUND

Plaintiffs Andreza Lopez DaSilva and Jose DaSilva brought an action for medical malpractice on behalf of their minor child in the Philadelphia County Court of Common Pleas on December 6, 2019. Defendants removed the case on March 12, 2020. The claim arises out of birth injuries to Plaintiffs' minor son. Plaintiffs allege that "[their son's] injuries were the direct consequence of Defendants' failure to act promptly and emergently deliver [him] in the face of evident fetal distress." Am. Compl. ¶ 16, ECF No. 36. The injuries are allegedly "severe

and permanent." Id. ¶ 18. Ultimately, an initial pretrial conference was held on August 17, 2021.

The first scheduling order set forth the following deadlines: (1) initial disclosures due by August 17, 2021; (2) third-party complaints due by September 16, 2021; (3) motions for leave to amend due by September 16, 2021; (4) fact discovery to be completed by March 7, 2022; (5) expert discovery to be completed by July 22, 2022; and (7) motions for summary judgment due by August 22, 2022. Order, ECF No. 44.

On February 23, 2022, twelve days before the close of fact discovery, Defendants filed their first motion to compel. Defs.' Mot. to Compel, ECF No. 46. At this time, Defendants sought to depose Plaintiffs, have Plaintiffs sign for the authorizations for release of relevant records, and order Plaintiffs to respond fully to the United States' interrogatories and requests for document production. Id. Following a hearing on the motion on March 21, 2022, the Court denied the motion to compel without prejudice as Plaintiffs had subsequently completed the interrogatories and document production and signed the relevant release forms. However, Plaintiffs had still not been deposed and their child had not been subjected to an independent medical examination, as Plaintiffs represented that they were unavailable. The Court placed the case in suspense until further order of the Court. See Order, ECF No. 51.

On August 11, 2022, the Court ordered the parties to submit a joint status report. Order, ECF No. 52. The parties reported that Plaintiffs were no longer able to depose one of Defendant's witnesses on the scheduled date in April 2022. The parties also reported that:

> Counsel for the United States contacted plaintiffs' counsel four times (by email and voicemail) between May 11, 2022 and July 19, 2022. In those communications, the United States proposed a new discovery schedule, requested plaintiffs' availability for depositions, and requested further information about four persons the plaintiffs disclosed as having knowledge about the facts at issue in this matter. Plaintiffs' counsel did not respond to any of those communications. Since this litigation began, plaintiffs' counsel have not provided defense counsel with any dates that their clients would be available for a deposition.
>
> Counsel for the parties conferred on August 24, 2022. At that conference, plaintiffs' counsel informed defense counsel that they had temporarily experienced difficulty in reaching their clients due, in part, to the need to communicate with them through a Portuguese interpreter, but counsel has recently been able to reconnect with the plaintiffs and are ready to move forward with this litigation.

Joint Status Report 2, Aug. 25, 2022.

The Court then issued a Second Scheduling Order, with the following updated deadlines: (1) all fact discovery to be completed by November 22, 2022; (2) Plaintiffs' expert reports due by January 6, 2023; (3) Defendants' expert reports due by February 6, 2023; (4) expert depositions due by April 7, 2023; and (5) motions for summary judgment due by May 8, 2023. Order, ECF No. 53.

Defendants now bring a Motion to Dismiss for Failure to Prosecute. Defendants state that Plaintiffs have failed to provide Defendants with a date that they are available to be deposed, despite asking Plaintiffs repeatedly for their availability between December 20, 2021, and October 12, 2022. Defs.' Mot. at 3-6.

Plaintiffs' counsel opposes the motion generally, but provides no justification for Plaintiffs' failure to participate in discovery, except to note that the language barrier in the case has created some difficulties. Plaintiffs' counsel argues that, if the Court decides to dismiss the case, it should be dismissed <u>without</u> prejudice, as to not harm the interests of the minor child who has no control over the litigation.

## III.  LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

In analyzing the appropriateness of dismissal under Rule 41(b) for failure to prosecute, the Court considers (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness;

(4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). No one factor is dispositive, and not all factors must be satisfied to dismiss a complaint under Rule 41(b). Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019). Dismissal with prejudice is an "'extreme' sanction." Id. (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)). Thus, there is a strong public policy in factor of decisions on the merits. Id.

## IV. DISCUSSION

Defendants have demonstrated that most, if not all, of the Poulis factors weigh in favor of dismissing Plaintiffs' case.

First, Plaintiffs (rather than their counsel) are personally responsible for the failure to prosecute. Defendants point to numerous email chains in support of their motion to show that Plaintiffs have repeatedly failed to engage with the discovery process; when they did engage, they ultimately cancelled their depositions, stating unavailability. Plaintiffs also failed to appear for depositions twice, despite receiving a Notice of Deposition. Defs.' Mot. at 11.; see also Pls.' Resp.

at 2-3 (noting that Plaintiffs have not responded to communications by counsel).

Second, Defendants argue that they have been prejudiced by Plaintiffs' failure to participate in discovery because it has prevented them from developing a trial strategy. Defs.' Mot. at 12. "[W]hile 'prejudice' for the purpose of Poulis analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 319 F.R.D. 480, 485 (E.D. Pa. 2017); cf. New-Howard v. JP Morgan Chase Bank, NA, 660 F. App'x 144, 148 (3d Cir. 2016) (stating that a party's failure to comply with court orders and failure to appear for trial have a tendency to cause an opposing party prejudice). The extent of the prejudice to the adversary should be analyzed in the context of the stage of the proceedings; where discovery is complete and the parties need only file motions for summary judgment, the failure to prosecute is minimally detrimental to the adversary. Shields v. Comm'r of Soc. Sec., 474 F. App'x 857, 858 (3d Cir. 2012). Here, discovery has not been completed, which raises the risk that Plaintiffs' memories will fade and their son's medical diagnosis arising out of a birth injury may be obscured as he ages. See Bull v. United Parcel Serv., Inc., 665 F.3d 68, 80 (3d

Cir. 2012) ("Examples of prejudice are 'the irretrievable loss
of evidence, the inevitable dimming of witnesses' memories, or
the excessive and possibly irremediable burdens or costs imposed
on the opposing party.'" (quoting Scarborough v. Eubanks, 747
F.2d 871, 876 (3d Cir. 1984)). Presumably, however, much of the
evidence pertaining to the injury in question is contained
within the medical records created at and around the time of
Plaintiffs' son's birth. But, Plaintiffs' counsel does not argue
that Defendants have not been prejudiced.

Third, Defendants have demonstrated that Plaintiffs have a
history of dilatoriness in this case. "[C]onduct that occurs one
or two times is insufficient to demonstrate a 'history of
dilatoriness.'" Briscoe v. Klaus, 538 F.3d 252, 261 (3d Cir.
2008) (quoting Scarborough, 747 F.2d at 875). Defendants have
shown that Plaintiffs' conduct in delaying this case has
persisted since at least early 2021, when the first scheduling
order was entered. Plaintiffs have repeatedly failed to provide
Defendants with their availability for depositions or an
independent medical examination of their minor son. Defendants
have thus shown a strong history of dilatoriness, which
Plaintiffs' counsel does not contest. See Jimenez v. Rosenbaum-
Cunningham, Inc., No. 07-1066, 2009 WL 255630, at *5 (E.D. Pa.
Jan. 30, 2009) (finding history of dilatoriness where the
plaintiffs failed to respond to numerous discovery requests or

seek an extension of time in which to respond over a six-month period, failed to contact their own counsel with the address or whereabouts, and failed to answer their counsel's phone calls or letters).

Fourth, it is not clear from the parties' papers whether Plaintiffs' failure to participate in discovery was willful or in bad faith. A party's "total failure to respond to [an opposing party's] request for documents" can support a finding of bad faith. Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 921 (3d Cir. 1992). However, merely negligent or inadvertent behavior does not indicate bad faith. Briscoe, 538 F.3d at 262. Plaintiffs' counsel does not explain Plaintiffs' lack of communication and participation in this case except to note that all communications with Plaintiffs have proceeded through a Portuguese-English interpreter. But Defendants do not argue that the language barrier is the cause of Plaintiffs' failure to prosecute. Moreover, a language barrier alone is not proper grounds to allow dilatory conduct by non-English-speaking plaintiffs to go unchecked. A case may be dismissed for failure to prosecute where some of the failure to prosecute may be attributed to plaintiffs' inability to or difficulties in understanding the English language. E.g., Rodas v. McCullough, No. C 12-2541, 2013 WL 3579894 (N.D. Cal. July 12, 2013) (dismissing a case for failure to prosecute where non-English-

speaking plaintiffs did not appear at a case management
conference after being ordered to do so, and failed to explain
their absence); Leal v. Diaz, No. 17-0946, 2020 WL 1150004 (D.
Colo. Mar. 10, 2020) (dismissing a case for failure to prosecute
in part because a non-English-speaking plaintiff repeatedly
failed to procure an interpreter despite being ordered by the
court to bring an interpreter to hearings); cf. Washington v.
Stephon, No. 20-1375, 2020 WL 3130263, at *3 (D.S.C. May 21,
2020) (collecting cases in the Fourth Circuit holding that "a
petitioner's inability to speak English is insufficient to
warrant equitable tolling" of the AEDPA statute of limitations).
Plaintiffs themselves have not explained their reasons for
failing to attend depositions or produce their child for an
independent medical examination.

Fifth, Defendants have demonstrated that dismissal would be
the most effective sanction. Defendants state that it is not
clear whether Plaintiffs are able to pay a fine. Defs.' Mot at
11. Imposing a fine on Plaintiffs' counsel would not remedy the
issue, as even Plaintiffs' counsel does not appear to be at
fault and has not been able to contact his clients. Pls.' Resp.,
at 1-2. Defendants also state that "this is not a case where the
United States can simply move for summary judgment in the
absence of complete fact discovery, because an ultimate
determination of liability and damages here will rely in part on

10

expert opinions." Id. As Defendants note, further extending case management deadlines will not remedy the prejudice, especially where Plaintiffs have failed to meet such deadlines even when they had been extended. Defs.' Mot. at 12-13.

Finally, the meritoriousness of the claim or defense is not clear. Plaintiffs certainly allege serious injuries to their son. See generally Am. Compl., ECF No. 36. Defendants unsurprisingly argue that the case lacks merit. Defs.' Mot. at 11-12. Without the benefit of substantive motions to dismiss or pending motions for summary judgment, it is difficult for the Court to analyze the merit to Plaintiffs' complex, medical negligence claim.

Ultimately, most, if not all, of the six Poulis factors weigh in favor of dismissal with prejudice.

Plaintiffs' counsel urges the Court to consider the Pennsylvania Rules of Civil Procedure's respect for minors in determining the proper way to dispose of Defendants' Motion. Plaintiffs point to Rules 229 and 2039 of the Pennsylvania Rules of Civil Procedure. Rule 2039 provides that "[n]o action to which a minor is a party shall be compromised, settled, or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor." Pa. R. Civ. P. 2039(a). Rule 229 states that "[a] discontinuance shall be the exclusive method of voluntary termination of an action, in whole

or in party, by the plaintiff before commencement of the trial."
Pa. R. Civ. P. 229(a). However, as Defendants note in their
reply brief, the Federal Rules of Civil Procedure apply here,
not the Pennsylvania Rules of Civil Procedure. See Defs.' Mot.
for Leave to File Reply Brief, Ex. A at 2-3, ECF No. 56-1;
Temple Defs.' Mot. for Leave to File Reply Brief Ex. 1, at 2,
ECF No. 57-1.

To the extent that Plaintiffs seek a voluntary dismissal
with Order of the Court under Rule 41(a)(2), Defendants have
demonstrated that a dismissal without prejudice would cause all
Defendants significant harm. Where a defendant has retained
counsel, undergone significant pretrial preparations, and
discovery is already nearly complete, dismissal without
prejudice is improper as it would subject a defendant to "the
prospect of potentially relitigating, at some later date, claims
it had put significant time and resources into defending and
already litigated to the summary-judgment stage." Estate of Ware
v. Hosp. of the Univ. of Pa., 871 F.3d 273, 286 (3d Cir. 2017).
Defendants here have spent time and resources "filing and
responding to pleadings and motions, conducting investigation,
retaining experts and answering written discovery." ECF No. 57-
1, at 4-5; see also ECF No. 56-1, at 5. And, as Temple
Defendants note, dismissing the case without prejudice could
leave all Defendants in limbo for another fifteen years, when

12

the statute of limitations on the minor's medical negligence claim expires. <u>See</u> ECF No. 57-1, at 5; 42 Pa. Cons. Stat. § 5533(b) (2022). Thus, dismissal without prejudice is not warranted in this case given Plaintiffs' failure to prosecute and the substantial prejudice to Defendants if Plaintiffs were permitted to re-file any time in the next fifteen years.

## V.   CONCLUSION

Defendants have demonstrated that a dismissal with prejudice for Plaintiffs' failure to prosecute is warranted under <u>Poulis</u>. Plaintiffs, not their counsel, are responsible for the delays in discovery in this case. Although Plaintiffs have limited English proficiency, this is not the alleged cause of the discovery delays. Defendants are prejudiced by Plaintiffs' failure to comply with discovery deadlines, as they have spent considerable time and resources in their own participation in discovery, but have been delayed in developing a robust trial strategy. Plaintiffs have demonstrated a course of dilatory conduct since the start of the litigation. Because of this, dismissal is the most appropriate sanction; simply fining Plaintiffs or their counsel, or allowing more time to complete discovery, would not remedy the harm that Defendants have already suffered by Plaintiffs' unwillingness to be deposed. Although it is not clear whether Plaintiffs have acted in bad faith, and whether their case has merit is similarly unclear,

Defendants have demonstrated that Plaintiffs have had numerous opportunities to prosecute their case but have failed to do so, justifying dismissal under Rule 41(b).

An appropriate Order follows.